# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Lopez, | No. CV-17-01212-PHX-JJT (MHB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT COURT:

Petitioner Victor Lopez, who is confined in the Arizona State Prison Complex, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 11), and Petitioner has filed a Reply (Doc. 12).

## BACKGROUND[1]

Petitioner was indicted on five counts of sexual conduct with a minor, one count of attempted molestation of a child, five counts of sexual abuse, four counts of molestation of a child, one count of attempted sexual conduct with a minor, and one count of sexual abuse. (Exh. A.) On March 19, 2014, pursuant to a plea agreement, Petitioner pled guilty to one count of sexual conduct with a minor, and two distinct counts of attempted molestation of a child. (Exh. B.) On April 16, 2014, the trial court sentenced him to a term of imprisonment of 20 years on one count and lifetime probation on the other two counts. (Exh. D.) Petitioner

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 11 – Respondents' Answer.

received, and acknowledged receipt of, his written notice of rights of review after conviction, including advisement of the time in which to file a PCR petition. (Exh. E.)

Over two years later, on July 28, 2016, Petitioner filed a *pro per* petition for post-conviction relief, alleging the "existence of newly-discovered material" because he discovered in July 2016 that "the plea agreement date had expired prior to execution of the agreement, making said contract null and void." (Exh. F.) Petitioner also alleged ineffective assistance of counsel, an unlawfully induced plea of guilty or no contest, and denial of his due process rights. (Exh. F.)

On August 17, 2016, the trial court dismissed the petition for post-conviction relief, concluding that Petitioner's petition for post-conviction relief was untimely because the filing deadline was July 15, 2014. (Exh. G.) The court also found that Petitioner had failed to state a claim under Rule 32, Ariz. R. Crim. P., which would entitle Petitioner to the relief sought in his petition. (Exh. G.)

On September 9, 2016, Petitioner filed a post-conviction relief notice acknowledging the untimeliness of his previous post-conviction relief notice, but claiming it was raised pursuant to a Rule 32 exception. (Exh. H.) Petitioner also filed a motion for extension to amend his previously filed petition for post-conviction relief. (Exh. I.) On September 23, 2016, the superior court dismissed Petitioner's second Rule 32 proceeding as both successive and untimely, and failed to state a claim for which Rule 32 can provide relief. The court also dismissed the motion for extension to amend the notice of post-conviction relief because it could not be amended and there was no good cause for amendment. (Exh. J.)

On February 21, 2017, Petitioner filed a petition for review in the Arizona Court of Appeals that was dismissed as untimely on March 27, 2017. (Exh. K.)

Petitioner filed the instant habeas petition on April 24, 2017. (Doc. 1.) Petitioner raises three grounds for relief. In Ground One, Petitioner asserts a due process violation because he was denied his right to bail. In Ground Two, Petitioner asserts that his original plea agreement date had expired prior to the execution of the agreement. In Ground Three, Petitioner alleges that he received ineffective assistance of counsel. This Court dismissed

- 2 -

Ground One, and ordered that Respondents answer Grounds Two and Three of the habeas petition, but also ordered that Respondents could file an answer limited to relevant affirmative defenses. (Doc. 6.)

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely, and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking

such review. See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414.

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 649 (quoting Pace, 544 U.S. at 418).

The Court finds that Petitioner's habeas petition is untimely. On April 16, 2014, the trial court sentenced Petitioner pursuant to the terms set forth in the plea agreement. By

pleading guilty, Petitioner waived his right to a direct appeal, but had 90 days to file an "of-right" petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. However, Petitioner did not file a PCR petition within the 90 day window and Petitioner's time to file a PCR notice expired on July 15, 2014.

Thus, Petitioner's case became final and the statute of limitations began running on July 16, 2014. Petitioner was required to file the instant habeas petition on or before July 16, 2015. Petitioner did not initiate his habeas proceedings until April 24, 2017. Accordingly, absent any tolling, his habeas petition was filed 1 year, 9 months, and 8 days late.

Petitioner is not entitled to statutory tolling. Petitioner's commencement of two subsequent PCR proceedings in July 2016 and September 2016 did not toll the limitations period. The state court dismissed these proceedings pursuant to Rules 32.2(a) and 32.4(a), Ariz. R. Crim. P., for failing to timely file a PCR petition or failing to state a claim for which relief could be granted in an untimely or successive Rule 32 proceeding. Thus, the PCR proceedings were not "properly filed" under 28 U.S.C. § 2244(d)(2). See, e.g., Pace, 544 U.S. at 414-17; Bonner v. Carey, 425 F.3d 1145, 1148-49 (9th Cir. 2005) (recognizing and applying Pace). Furthermore, the July 2016 and September 2016 proceedings were filed after the limitations period had expired, and, thus, did not toll the limitations period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the re-initiation of the [federal 1-year] limitations period that has ended before the state petition was filed.").

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a

timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

There is nothing in the record that suggests an external force prevented Petitioner from timely filing his Petition. Petitioner admits that his habeas petition is untimely, but makes an assertion to the effect that it was "belone [SIC] [his] control" due to movement from one prison to the next. (Doc. 1 at 11.) Petitioner has failed to demonstrate in the record either that this made him unable to pursue his rights diligently or that it was an extraordinary circumstance beyond his control.

Petitioner also argues that "he did not fully understand that a claim for Rule 32 should have been started at [a] particular time" and that he is an "elderly citizen without any legal understanding." (Doc. 12 at 2.) However, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, Petitioner is not entitled to any tolling and his habeas petition is untimely.

### CONCLUSION

Having determined that Petitioner's habeas petition is untimely, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 16th day of April, 2018.

_____

Honorable Michelle H. Burns
United States Magistrate Judge

- 7 -